1   Brian A. Sun (SBN 089410)
    basun@JonesDay.com
2   Carolyn A. Woodson (SBN 246434)
    cawoodson@JonesDay.com
3   JONES DAY
    555 South Flower Street
4   Fiftieth Floor
    Los Angeles, CA  90071.2300
5   Telephone:  213.489.3939
    Facsimile:   213.243.2539
6
    Jane Rue Wittstein (SBN 165940)
7   jruewittstein@JonesDay.com
    222 East 41st Street
8   New York, NY 10017-6702
    Telephone:  212.326.3939
9   Facsimile:   212.755.7306

10  Attorneys for Plaintiff
    MEASAT SATELLITE SYSTEMS
11  SDN BHD

12

13  Matthew Oster
    moster@mwe.com
14  McDERMOTT WILL & EMERY
    LLP
15  2049 Century Park East
    Suite 3800
16  Los Angeles, CA 90067-3218
    Telephone: 310.277.4110
17  Facsimile: 310.277.4730

18  John Calandra (*pro hac vice*)
    jcalandra@mwe.com
19  Michael D. Hall (*pro hac vice*)
    mhall@mwe.com
20  McDERMOTT WILL & EMERY
    LLP
21  340 Madison Avenue
    New York, NY 10173
22  Telephone: 212.547.5400
    Facsimile: 212.547.5444
23
    Attorneys for Defendant and Counter
24  Claimant
    INTELSAT CORPORATION
25

26

27

28

**ANY PARTY INTENDING TO SUBMIT TO
THE COURT ANY DOCUMENTS COVERED
BY THIS PROTECTIVE ORDER SHALL FILE A
MOTION UNDER LOCAL RULE 79-5
REQUESTING PERMISSION TO FILE
THEM UNDER SEAL.**

264938.1

PROPOSED STIPULATED PROTECTIVE ORDER

1

2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3<br>4<br>5<br>6<br>7<br>8<br>9 | MEASAT SATELLITE SYSTEMS<br>SDN BHD, a Malaysian Corporation,<br>        Plaintiff,<br>   v.<br>INTELSAT CORPORATION, a<br>Delaware Corporation,<br>        Defendant. |
| 10<br>11<br>12<br>13<br>14<br>15 | INTELSAT CORPORATION, a<br>Delaware Corporation,<br>        Counterclaimant,<br>   v.<br>MEASAT SATELLITE SYSTEMS<br>SDN BHD, a Malaysian Corporation,<br>        Counter-Defendant. |

Case No. CV 12-03702 RSWL (PJWx)

Assigned for all purposes to
Hon. Ronald S. W. Lew

~~PROPOSED~~ STIPULATED
PROTECTIVE ORDER RE:
CONFIDENTIAL, HIGHLY
CONFIDENTIAL, ITAR
CONTROLLED, AND EAR
CONTROLLED INFORMATION

Complaint Filed:   April 27, 2012

Trial Date:          April 15, 2014

16

17

18

19

20

21

22

23

24

25

26

27

28

     WHEREAS, Discovery Information (as defined below) may include documents and information containing or embodying confidential and/or proprietary research, development, or business or commercial information, or that otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c) (collectively referred to as "Confidential Information");

     WHEREAS, Confidential Information may further include documents and information containing or embodying highly proprietary and/or highly competitive/sensitive business information, including without limitation, intellectual property, trade secrets, or highly competitive/sensitive financial or similar information, whose disclosure in each case could reasonably be expected to have a significant adverse competitive impact, or that the Producing Party is otherwise obligated to maintain as confidential with restricted access (collectively

264938.1

1    referred to as "Highly Confidential Information");

2        WHEREAS, Discovery Information may include documents and information

3    containing or embodying technical information governed by the International

4    Traffic in Arms Regulations ("ITAR") (22 C.F.R. §§ 120-130), and the Arms

5    Export Control Act (22 U.S.C. § 2778 *et seq.*) (collectively referred to as "ITAR

6    Controlled Information");

7        WHEREAS, Discovery Information may include documents and information

8    containing or embodying technical information governed by the Export

9    Administration Act as implemented by Executive Order pursuant to the

10    International Emergency Economic Powers Act (50 U.S.C. § 1701 *et seq.*) and the

11    Export Administration Regulations (15 C.F.R. §§ 730-774) ("EAR Controlled

12    Information");

13        WHEREAS, MEASAT Satellite Systems SDN BHD ("MEASAT") and

14    Intelsat have agreed that in order for Intelsat, the Court, mediators, and third parties

15    to disclose ITAR Controlled or EAR Controlled Information  to a Foreign National

16    (as defined below), an appropriate Technical Assistance Agreement ("TAA") or

17    other authorization must be obtained;

18        WHEREAS, MEASAT and Intelsat Corporation ("Intelsat") have agreed that

19    there is good cause for the entry of a protective order pursuant to Federal Rule of

20    Civil Procedure 26(c)(1) to ensure the protection of the Confidential Information,

21    Highly Confidential Information, ITAR Controlled, and EAR Controlled

22    Information in the manner set forth in this proposed Stipulated Protective Order Re:

23    Confidential, Highly Confidential, ITAR Controlled, and EAR Controlled

24    Information ("Order").  Entry of this Order is also in the best interest of all Parties

25    and the Court in that it will facilitate the production of relevant material in a manner

26    that avoids undue injury to the Parties' respective interests by protecting

27    Confidential Information and Highly Confidential Information from public

28    disclosure and prevents unauthorized or unlawful disclosures of ITAR Controlled

264938.1

PROPOSED STIPULATED PROTECTIVE ORDER

1   or EAR Controlled Information, without the need for extensive involvement of this

2   Court in discovery proceedings;

3        NOW, THEREFORE, pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY

4   STIPULATED AND AGREED by the respective undersigned counsel for

5   MEASAT and Intelsat, that the following provisions shall govern the pretrial

6   disclosure and use by the Parties of all documents, electronically stored information

7   ("ESI"), testimony, and other information given during the course of discovery in

8   the above-captioned action.

9   **1.    Definitions**

10       The following definitions shall apply to this Order:

11       (a)    "Confidential Information," as used herein, shall have the meaning set

12   forth in the "WHEREAS" clause above.  Except as set forth herein, Discovery

13   Information will not be deemed Confidential Information unless it has been

14   properly and timely designated as such by the Producing Party in accordance with

15   this Stipulation and Order.

16       (b)    "Counsel", without qualifier, as used herein, shall mean Outside

17   Counsel and In-House Counsel (as well as their support staffs and support

18   attorneys).

19       (c)    "Designating Party" as used herein shall mean a Party or Nonparty that

20   designates Discovery Information as Confidential, Highly Confidential, ITAR

21   Controlled, and/or EAR Controlled.  It is not necessarily the "Producing Party" (as

22   defined below).

23       (d)    "Discovery Information" shall mean all Documents, items, or other

24   information, regardless of the medium or manner generated, stored, or maintained

25   (including, among other things, testimony, transcripts, or tangible things) that are

26   produced, provided, or generated in disclosures or responses to discovery in this

27   Litigation, or otherwise in connection with this Litigation (including documents

28   given informally to MEASAT and/or to Intelsat, and/or their respective Counsel, by

264938.1

PROPOSED STIPULATED PROTECTIVE ORDER

1    any other person or entity).

2        (e)    "Document," as used herein, is synonymous in meaning and equal in

3    scope to the usage of the term "documents or electronically stored information" in

4    Fed. R. Civ. P. 34(a)(1)(A).  Document encompasses, but is not limited to, any type

5    of document (whether in hard-copy or electronic/computerized form) including

6    corporate, intra-corporate, interoffice and intra-office memoranda, correspondence,

7    reports, conversations, any and all other taped, recorded, filmed, magnetic, graphic,

8    computerized, written or typed matters of any kind or description, including the

9    originals and all non-identical copies, whether different from the originals by

10   reason of any notation made on such copies or otherwise, all interrogatory answers,

11   responses to requests for admissions and for production of documents, deposition

12   testimony and deposition exhibits, and any physical objects, samples, or other items

13   produced or obtained from any Party or Non-Party (defined below) in this

14   Litigation.

15       (f)    "EAR Controlled Information," as used herein, shall mean technical

16   information (to include technical data and technology) governed by the Export

17   Administration Act as implemented by Executive Order pursuant to the

18   International Emergency Economic Powers Act (50 U.S.C. § 1701 *et seq.*)  and the

19   Export Administration Regulations (15 C.F.R. §§ 730-774).

20       (g)    "Expert," as used herein, shall mean a person, who is not an owner,

21   director, officer or employee of a Party, who has specialized knowledge or

22   experience in a matter pertinent to this Litigation, including his or her employees

23   and support personnel, who has been retained by a Party or its Counsel to serve as

24   an expert witness or as a consultant in this Litigation.  This definition includes,

25   without limitation, professional jury or trial consultants retained in connection with

26   this Litigation.

27       (h)    "Foreign Person," as used herein, is synonymous in meaning and equal

28   in scope to the definition of that term as provided in 22 C.F.R. § 120.16.

264938.1

PROPOSED STIPULATED PROTECTIVE ORDER

1    (i)    "Highly Confidential Information," as used herein, shall have the

2    meaning set forth in the "WHEREAS" clause above.  Except as set forth herein,

3    Discovery Information will not be deemed "Highly Confidential Information"

4    unless it has been properly and timely designated as such by the Producing Party in

5    accordance with this Stipulation and Order.

6    (j)    "In-House Counsel," as used herein, shall mean all attorneys,

7    paralegals, and other legal department personnel who are employees of a Party, to

8    whom disclosure of Discovery Information is reasonably necessary for this

9    Litigation.

10    (k)    "ITAR Controlled Information," as used herein shall, mean technical

11    information (to include technical data and technology) governed by the

12    International Traffic in Arms Regulations ("ITAR") (22 C.F.R. §§ 120-130) and

13    the Arms Export Control Act (22 U.S.C. § 2778 *et seq.*).

14    (l)    "Legend" shall mean a large, bold stamp or similar insignia

15    designating confidential status or restrictions under this Order.

16    (m)    "Litigation" shall refer to the federal court proceeding entitled

17    *MEASAT Satellite Systems SDN BHD v. Intelsat Corporation*, No. CV 12-03702

18    RSWL (PJWx) filed in the Central District of California.

19    (n)    "Nonparty" shall refer to any Person who is not a named in the caption

20    of the Litigation as a plaintiff or defendant.

21    (o)    "Orbital Arbitration" shall refer to the arbitration entitled *MEASAT*

22    *Satellite Systems Sdn. Bhd. v. Orbital Sciences Corporation*, before the

23    International Centre for Dispute Resolution of the American Arbitration

24    Association; Case No. 50 132 T 00307.

25    (p)    "Outside Counsel," as used herein, shall mean all attorneys, paralegals

26    and other support personnel who are not employees of a Party, but who are retained

27    to represent or advise a Party in this Litigation.

28    (q)    "Party" shall mean any named party to this action, including all of its

264938.1

1   officers, directors, employees, consultants, attorneys, Experts, and Counsel (and

2   their support staff).

3        (r)   "Producing Party," as used herein, shall mean a Party or Nonparty that

4   produces Discovery Information in this Litigation.

5        (s)   "Professional Vendors" shall mean persons or entities that provide

6   litigation support services (*e.g.*, photocopying; videotaping; translating; preparing

7   exhibits or demonstratives; organizing; storing; retrieving data in any form or

8   medium) and their employees and subcontractors.

9        (t)   "Protected Material" as used herein shall mean any Discovery

10   Information that is designated as Confidential, Highly Confidential, ITAR

11   Controlled and/or EAR Controlled.

12        (u)   "Receiving Law Firm" means any Party's Outside Counsel that

13   receives Discovery Information designated as Confidential, Highly Confidential,

14   ITAR Controlled and/or EAR Controlled.

15        (v)   "Receiving Party," as used herein, shall mean a Party that receives

16   Discovery Information from a Producing Party in this Litigation.

17        (w)   "U.S. Person," as used herein, is synonymous in meaning and equal in

18   scope to the definition of that term as provided in 22 C.F.R. § 120.15.

19        (x)   "Foreign National," as used herein, and "Foreign Destination," as used

20   herein, means any Person who is not a U.S. Person as that term is defined in 22

21   C.F.R. § 120.15.

22   **2.**   **Use Generally**

23        All Confidential, Highly Confidential, ITAR Controlled, or EAR Controlled

24   Information shall be used solely for the purposes of this Litigation, unless otherwise

25   agreed to in advance by and among Parties, but in no event shall any Confidential,

26   Highly Confidential, ITAR Controlled, or EAR Controlled Information be used for

27   any business, manufacturing, or other competitive purpose whatsoever.

28   **3.**   **Scope of Order**

264938.1

PROPOSED STIPULATED PROTECTIVE ORDER

1    (a)    This Order shall govern the designation and use of all Confidential,

2  Highly Confidential, ITAR Controlled, and EAR Controlled Information,

3  regardless of how produced, provided, or received.

4    (b)    In the event that additional persons become parties to this Litigation,

5  neither the additional parties nor their Counsel or any person acting on their behalf

6  or retained to assist such additional parties shall have access to any Confidential or

7  Highly Confidential Information unless so ordered by the Court or until such

8  additional party has executed and submitted to the Court a copy of the undertaking

9  for this Order.

10    (c)    In the event that additional persons become parties to this Litigation,

11  neither the additional Parties nor their Counsel or any person acting on their behalf

12  or retained to assist such additional parties shall have access to any ITAR

13  Controlled or EAR Controlled Information unless that additional party and their

14  counsel is a "U.S. Person," and/or is not a "Foreign National" or "Foreign

15  Destination," as the case may be.  If the additional person or their counsel is a

16  "Foreign Person," access to ITAR Controlled Information shall not be provided

17  unless and until that "Foreign Person" is authorized to receive access to ITAR

18  Controlled Information pursuant to an appropriate TAA or other authorization, and

19  access to EAR Controlled Information shall not be provided to a "Foreign

20  National" or a "Foreign Destination" unless and until authorized to receive access

21  pursuant to an appropriate license issued by the Bureau of Industry and Security

22  ("BIS").

23    (d)    In the absence of written permission from the Designating Party,

24  material designated as Confidential, Highly Confidential, ITAR Controlled, and/or

25  EAR Controlled, shall be used by the Receiving Party only in connection with the

26  prosecution or defense of this Litigation.

27  **4.    <u>Designation</u>**

28    (a)    Any Discovery Information produced or received, formally or

264938.1

1    informally, in this Litigation and any material filed with the Court may be

2    designated as Confidential, Highly Confidential, ITAR Controlled, and/or EAR

3    Controlled by the person or entity producing or filing it as specified below,

4    irrespective of whether that person is a Party to the Litigation. The Producing Party

5    shall apply a confidentiality designation only when it has a reasonable, good faith

6    belief that the information so designated constitutes Confidential, Highly

7    Confidential, ITAR Controlled, and/or EAR Controlled Information. The

8    protections conferred by this Order cover not only the protected information itself,

9    but also any information copied or extracted therefrom, as well as copies, excerpts,

10   summaries, or compilations thereof, and testimony, conversations, or presentations

11   by Nonparties, Parties, or Counsel to or in Court or in other settings that might

12   disclose Protected Material to persons not authorized to receive such material. To

13   the extent Discovery Information is both Confidential or Highly Confidential, on

14   the one hand, and ITAR and/or EAR Controlled, on the other hand, the Designating

15   Party shall make multiple designations. In the case of a multiple designation, the

16   restrictions and obligations associated with each designation shall apply separately

17   and, in the case of conflicting access restrictions, the Document shall be governed

18   by the most restrictive designation. Discovery Information that is ITAR Controlled

19   or EAR Controlled Information is not Highly Confidential Information for that

20   reason alone.

21        (b)    Protected Material Legends

22             (i)     Discovery Information may be designated as Confidential

23   Information by imprinting the Legend "Confidential" in the manner provided in

24   Paragraphs 4(c)(i)-(iv).

25             (ii)    Discovery Information may be designated as Highly

26   Confidential Information by imprinting the Legend "Highly Confidential" in the

27   manner provided in Paragraphs 4(c)(i)-(iv).

28             (iii)   Discovery Information may be designated as ITAR Controlled

264938.1

PROPOSED STIPULATED PROTECTIVE ORDER

1   Information by imprinting the Legend "ITAR Controlled" and the license or

2   authorization number permitting export and any restrictions that apply to the export

3   of that ITAR Controlled Information in the manner provided in Paragraphs 4(c)(i)-

4   (iv).  No ITAR Controlled Information shall be exported to a Foreign Person

5   without a Legend providing the license or authorization number permitting export

6   and any applicable conditions on the authorization to export.

7          (iv)   Discovery Information may be designated as EAR Controlled

8   Information by imprinting the Legend "EAR Controlled" and the license or

9   authorization number permitting export and any restrictions that apply to the export

10  of that EAR Controlled Information in the manner provided in Paragraphs 4(c)(i)-

11  (iv).  No EAR Controlled Information shall be exported to a Foreign National or

12  Foreign Destination without a Legend providing the license or authorization

13  number permitting export and any applicable conditions on the authorization to

14  export.

15         (v)   Additional internal record-keeping marks placed on Discovery

16  Information, which may or may not be necessary for export compliance, are not

17  prohibited.

18      (c)   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

19  this Order, or as otherwise stipulated or ordered, Discovery Information must be

20  designated for protection under this Order by clearly designating the material before

21  it is disclosed or produced in this Litigation.  The designation of materials shall be

22  made as follows:

23         (i)   for produced documents, by imprinting, stamping, or otherwise

24  marking the appropriate Protected Material Legend(s) on the face of each page of a

25  paper Document so designated or in a similarly conspicuous location for non-paper

26  Document materials.

27         (ii)   for written discovery responses, by imprinting, stamping, or

28  otherwise marking the appropriate Protected Material Legend(s) next to or above

264938.1

PROPOSED STIPULATED PROTECTIVE ORDER

1   any response to a discovery request or on each page of a response;

2      (iii) for depositions, within thirty (30) days of receipt of a transcript

3   or recording of a deposition or other pretrial or trial proceeding, the offering or

4   sponsoring Party or Nonparty may designate such transcript or recording or any

5   portion thereof with the appropriate Protected Material designation(s) by notifying

6   all Parties, in writing, of the specific pages and lines of the transcript or recording

7   that should be treated as Confidential, Highly Confidential, ITAR Controlled,

8   and/or EAR Controlled. All transcripts or recordings of depositions shall be

9   initially treated as Highly Confidential, EAR Controlled, and ITAR Controlled

10  from the time of the deposition until thirty (30) days after receipt of the transcript or

11  recording, or until written notice of a designation is received, whichever occurs

12  first. The Court Reporter shall affix to the top of each such page the Legend

13  "Confidential", "Highly Confidential", "ITAR Controlled", and/or "EAR

14  Controlled" as instructed by the Party or Nonparty offering or sponsoring the

15  witness or presenting the testimony;

16     (iv) for ESI, either by imprinting, stamping, or otherwise marking

17  the appropriate Protected Material Legend(s) on any disk or storage medium, or on

18  the face of each page of a paper Document so designated, or by designating the

19  production with the appropriate Protected Material designation(s) in the transmittal

20  cover letter.

21    (d) Upward Designation of Information or Items Produced by Other

22  Parties or Nonparties

23     (i) Subject to the standards of this Order, a Party or Nonparty

24  (hereinafter an "Upward Designating Party") may upward designate (*e.g.*, revise

25  any Discovery Information previously produced without any designation to a

26  designation of Confidential or Highly Confidential) any Discovery Information

27  previously produced by that Party or Nonparty or by any other Party or Nonparty,

28  provided that said Discovery Information is entitled to such upward protective

264938.1

- 11 -

PROPOSED STIPULATED PROTECTIVE ORDER

1   treatment based on the Upward Designating Party's good faith belief and the terms

2   of this Order, provided, however, that a Nonparty can only upward designate

3   documents it produced.

4           (ii)    If a Document that was previously disclosed in this Litigation's

5   public record is subsequently upward designated to ITAR Controlled and/or EAR

6   Controlled, then, as soon as reasonably possible, the Upward Designating Party

7   shall (a) notify the Court of the change in designation, and (b) take reasonable

8   actions to remove the ITAR Controlled and/or EAR Controlled Document, and any

9   information extracted therefrom, from the public record by filing a Motion to Seal

10   or taking other appropriate action. Each Party shall be independently responsible

11   for determining their own disclosure obligations in the event of any ITAR and/or

12   EAR violations.

13           (iii)    Upward designations shall be made within thirty (30) days of

14   production to the Upward Designating Party, and shall be accomplished by

15   providing written notice to all Parties identifying (by Bates number or other

16   individually identifiable information) the Discovery Information to be re-

17   designated. Failure to upward designate within thirty (30) days of production,

18   alone, will not prevent a Party from obtaining the agreement of all Parties to

19   upward designate certain Discovery Information or from moving the Court for such

20   relief. Nothing in this section shall affect the ability of a Party or Non-Party to

21   correct any failure to properly designate materials as ITAR or EAR Controlled at

22   any time. Any Party may object to the upward designation of Discovery

23   Information pursuant to the procedures set forth in Paragraph 8 regarding

24   challenging designations.

25   **5.**      **Access to Designated Discovery Information**

26       (a)    <u>Access to Confidential Information</u>. Except as set forth herein or by

27   subsequent order of the Court, any Discovery Information designated as

28   Confidential and any summaries, extracts, charts or notes made therefrom, and any

264938.1

1    facts or information contained therein or derived therefrom, shall not be disclosed

2    to any person except:

3            (i)     to MEASAT, its officers, directors, employees, and Counsel, to

4    whom it is reasonably necessary to disclose the information for this Litigation;

5            (ii)     to Intelsat, its officers, directors, employees, and Counsel, to

6    whom it is reasonably necessary to disclose the information for this Litigation;

7            (iii)     to any Expert to whom disclosure is reasonably necessary for

8    this Litigation, who has signed the "Agreement to Be Bound by Protective Order"

9    (attached hereto as Exhibit A);

10           (iv)     to the Court and its personnel in this Litigation, including any

11    relevant appellate court, in the event that any portion of this Litigation is appealed;

12           (v)     to court reporters, their staffs, and professional vendors to whom

13    disclosure is reasonably necessary for this Litigation;

14           (vi)     to any person who Counsel has a good faith basis to believe

15    authored or previously received the material, and who has signed the "Agreement to

16    Be Bound by Protective Order" (attached hereto as Exhibit A);

17           (vii)     to any person who is an employee of the Designating Party, or a

18    former employee of the Designating Party (if he or she was employed by the

19    Designating Party when the Confidential Information was created);

20           (viii)   to any mediators and their staff who assist the Parties in any

21    mediation or other dispute resolution of the claims asserted in this Litigation;

22           (ix)     to other persons designated by mutual agreement of Counsel and

23    who have signed the "Agreement to Be Bound by Protective Order" (attached

24    hereto as Exhibit A); and

25           (x)     third party witnesses who have signed the "Agreement to Be

26    Bound by Protective Order" (attached hereto as Exhibit A).

27      (b)     <u>Access to Highly Confidential Information</u>. Except as set forth herein

28    or by subsequent order of the Court, any Discovery Information designated as

264938.1

PROPOSED STIPULATED PROTECTIVE ORDER

1    Highly Confidential and any summaries, extracts, charts or notes made therefrom,

2    and any facts or information contained therein or derived therefrom, shall not be

3    disclosed to any person except:

4               (i)     to MEASAT's and Intelsat's Outside Counsel;

5               (ii)    to Stephen Chernow, as In-House Counsel for Intelsat, and to

6    Farah Suhanah Ahmad Sarji, as In-House Counsel for MEASAT, provided that

7    each one has signed the "Agreement to Be Bound by Protective Order" (attached

8    hereto as Exhibit A);

9               (iii)   to any Expert to whom disclosure is reasonably necessary for

10   this Litigation, and who has signed the "Agreement to Be Bound by Protective

11   Order" (attached hereto as Exhibit A);

12              (iv)    to the Court and its personnel in this Litigation, including any

13   relevant appellate court, in the event that any portion of this action is appealed;

14              (v)     to court reporters, their staffs, and professional vendors to whom

15   disclosure is reasonably necessary for this Litigation, and who have signed the

16   "Agreement to Be Bound by Protective Order" (attached hereto as Exhibit A);

17              (vi)    to any person who Counsel has a good faith basis to believe

18   authored or previously received the material, and who has signed the "Agreement to

19   Be Bound by Protective Order" (attached hereto as Exhibit A);

20              (vii)   to any person who is an employee of the Designating Party, or a

21   former employee of the Designating Party (if he or she was employed by the

22   Designating Party when the Highly Confidential Discovery Information was

23   created);

24              (viii)  to any mediators and their staff who assist the Parties in any

25   mediation or other dispute resolution of the claims asserted in this Litigation, and

26   who has signed the "Agreement to Be Bound by Protective Order" (attached hereto

27   as Exhibit A); and

28              (ix)    to other persons designated by mutual agreement of Counsel and

264938.1

PROPOSED STIPULATED PROTECTIVE ORDER

1  who have signed the "Agreement to Be Bound by Protective Order" (attached

2  hereto as Exhibit A).

3      (c)    Access to ITAR Controlled Information. Any Document designated

4  as ITAR Controlled and any summaries, extracts, charts or notes made therefrom,

5  and any facts or information contained therein or derived therefrom, shall not be

6  disclosed to any person except as authorized by the International Traffic in Arms

7  Regulations (22 C.F.R. §§ 120-130), the Arms Export Control Act (22 U.S.C. §

8  2778 *et seq*) and/or any applicable TAA or other authorization and shall therefore

9  be restricted to the following categories of persons:

10         (i)    U.S. Persons, as that term is set forth in 22 C.F.R. § 120.15; and

11         (ii)   Persons or Parties entitled to receive access pursuant to the

12  specific TAA or other authorization granted by the DDTC (including the Court,

13  court personnel and court reporters).

14     (d)    Access to EAR Controlled Information. Any Document designated as

15  EAR Controlled and any summaries, extracts, charts or notes made therefrom, and

16  any facts or information contained therein or derived therefrom, shall not be

17  disclosed to any person except as authorized by the Export Administration Act as

18  implemented by Executive Order pursuant to the International Emergency

19  Economic Powers Act (50 U.S.C. § 1701 *et seq.*), the Export Administration

20  Regulations (15 C.F.R. §§ 730-774), and any license authorization granted by the

21  BIS and shall therefore be restricted to the following categories of persons:

22         (i)    U.S. Persons, as that term is set forth in 22 C.F.R. §120.15; and

23         (ii)   Persons or Parties entitled to receive access pursuant to the

24  specific license authorization granted by the BIS (including the Court, court

25  personnel and court reporters).

26     (e)    Access to Protected Information with Multiple Designations. Access

27  to any Document with a single designation need only be treated in accordance with

28  the specific access restrictions specified in this Order concerning the assigned

264938.1

- 15 -

1   designation.  Access to any Document designated with multiple designations must

2   be treated in a manner that comports with each of the applicable designation's

3   specific access restrictions specified in this Order.  Any doubts regarding which

4   designation's restrictions govern shall be resolved in favor of protecting the

5   Document at the most restrictive level to ensure that inadvertent violations of the

6   ITAR or the EAR do not occur.

7   **6.      Regulation Compliance Required for ITAR Controlled and EAR**

8   **      Controlled Information**

9          All Documents marked as ITAR Controlled and/or EAR Controlled shall be

10  treated by the Receiving Law Firm and any Receiving Party in accordance with, as

11  applicable, the International Traffic in Arms Regulations ("ITAR") (22 C.F.R. §§

12  120-130), the Arms Export Control Act (22 U.S.C. § 2778 *et seq.*), the Export

13  Administration Act as implemented by Executive Order pursuant to the

14  International Emergency Economic Powers Act (50 U.S.C. § 1701 *et seq.*), the

15  Export Administration Regulations (15 C.F.R. §§ 730-774), any TAA or other

16  authorizations granted by the DDTC, and any license authorizations granted by the

17  BIS.  The Receiving Party and Receiving Law Firm shall take such steps as may be

18  required by ITAR, EAR and/or any applicable licenses or authorizations, to ensure

19  that ITAR Controlled and EAR Controlled Information is only disclosed to persons

20  who may be given access to such information under the applicable regulations,

21  TAA or other authorization, and any BIS license authorization.

22  **7.      Responsibility for Compliance**

23         (a)     The Receiving Party shall comply with any and all laws and

24  regulations applicable to or governing the Receiving Party's conduct in connection

25  with this Order (including, without limitation, the requirements of the Arms Export

26  Control Act, 22 U.S.C. § 2751 *et seq*, the International Traffic in Arms Regulations,

27  and the Export Administration Regulations, 50 U.S.C. §§ 1701-1706).  The

28  Receiving Party acknowledges that Discovery Information disclosed pursuant to

264938.1

PROPOSED STIPULATED PROTECTIVE ORDER

1    this Order may be subject to transfer and use restrictions under U.S. export laws

2    and regulations and that any use or transfer of such information must be authorized

3    under those laws and regulations. The Receiving Party agrees that it will not use,

4    distribute, transfer, or transmit directly or indirectly Protected Information except in

5    compliance with U.S. export laws and regulations as applicable, and except as

6    permitted under this Order. The Receiving Party represents that its receipt of any

7    Protected Information under this Order will be consistent with and not in violation

8    of, any applicable law, regulation, license, TAA, authorization, or contractual

9    restriction. Except as otherwise provided by federal law or regulation, the

10    Receiving Party is entitled to rely on the designations made or not made by the

11    Producing Party as to whether the Discovery Information produced contains ITAR

12    Controlled or EAR Controlled Information, and it is the Producing Party that bears

13    the burden of making those designations under this Order. If such execution is

14    required by the terms of this Order, the Receiving Party's Outside Counsel shall

15    obtain and retain the original Acknowledgements executed by qualified recipients

16    of Confidential, Highly Confidential Information, ITAR Controlled, and/or EAR

17    Controlled.

18         (b)    If it comes to a Party's or Nonparty's attention that any Discovery

19    Information that it designated for protection does not qualify for protection at all, or

20    does not qualify for the level of protection initially asserted, that Party or Nonparty

21    must promptly notify all other Parties that it is withdrawing the mistaken

22    designation.

23    **8.    Challenges to Designations of Confidential or Highly Confidential**

24         (a)    Entry of this Order shall be without prejudice to any Party's motion for

25    relief from or modification of the provisions hereof or to any other motion relating

26    to the production, exchange, or use of any Document or other information in the

27    course of this Litigation.

28         (b)    If a Party disagrees with a Designating Party's designation of

264938.1

PROPOSED STIPULATED PROTECTIVE ORDER

1   Discovery Information as Confidential, or Highly Confidential, or disputes the

2   limitations on access to be accorded such information under this Order, the Party

3   contesting the designation or restriction on access shall provide to the Designating

4   Party written notice of its disagreement and specifically identify the Discovery

5   Information or restriction on access in dispute.  If, despite good faith effort, the

6   dispute cannot be resolved informally by the Parties within ten (10) days of the

7   Producing Party's receipt of the written notice, the Party contesting the designation

8   or restriction on access may seek a determination from the Court with respect to the

9   propriety of the designation.  The Designating Party shall then have five (5) days

10  from the filing of a motion contesting the designation or restriction on access to file

11  an opposition to such motion, following which the contesting party shall be

12  afforded three (3) days to file a reply memorandum.  The Confidential or Highly

13  Confidential status of the challenged material shall be maintained until the Court

14  shall rule on the motion.  While the challenging Party must initiate the motion

15  before the Court, it is the burden of the Party seeking protection under this Order to

16  demonstrate that the Confidential or Highly Confidential designation is appropriate.

17         (c)    A challenge under this paragraph shall not affect a Party's right of

18  access to Confidential or Highly Confidential material or to disclose information as

19  provided for in this Order.  A Party does not waive its right to challenge

20  confidentiality designation by not electing to mount a challenge promptly after the

21  original designation is made or by making a limited challenge and later making

22  another challenge (*e.g.*, challenging one designation and later challenging the other

23  designation, where a multiple designation was made).  A Party may change any

24  previously made confidentiality designations at any time, although records must be

25  maintained in accordance with 22 C.F.R. § 122.5 and 15 C.F.R. § 762.2 to justify

26  the confidentiality designations made with respect to ITAR Controlled or EAR

27  Controlled Information.

28         (d)    The Receiving Party may request that the Designating Party make

264938.1

- 18 -

PROPOSED STIPULATED PROTECTIVE ORDER

1   redactions to a Document designated as Highly Confidential so as to allow the

2   redacted form of the Document to be designated as Confidential.  If redactions are

3   requested, the Designating Party has twenty-one (21) days to provide the Receiving

4   Party with a redacted version of the Document containing only Confidential and

5   unrestricted Information thereby allowing the Receiving Party to show the redacted

6   Document to those Persons entitled to receive disclosure of Confidential

7   Information as provided in Paragraph 5(a).

8   **9.      Inadvertent Production of Protected Material**

9         (a)      Inadvertent Production of Confidential or Highly Confidential

10  Information.  Any Party who inadvertently fails to identify materials as

11  Confidential or Highly Confidential shall have ten (10) days from the discovery of

12  its oversight to correct its failure.  Such failure shall be corrected by providing to

13  the Receiving Party written notice of the error and substituted copies of the

14  inadvertently produced Discovery Information.  Any Party receiving such

15  inadvertently unmarked Discovery Information shall make reasonable efforts to

16  retrieve the Discovery Information distributed to persons not entitled to receive that

17  Discovery Information.

18        (b)      Inadvertent Production of ITAR Controlled or EAR Controlled

19  Information.  Any Party who inadvertently fails to identify materials as ITAR

20  Controlled or EAR Controlled shall exercise its best efforts to, within ten (10) days

21  from the discovery of its oversight, correct its failure, however nothing in this Order

22  shall change the actual export control requirements that apply to such materials.

23  Such failure shall be corrected by providing to the Receiving Party written notice of

24  the error and substituted copies of the inadvertently produced Discovery

25  Information.  Any Party receiving such inadvertently unmarked Discovery

26  Information shall make reasonable best efforts to retrieve the Discovery

27  Information distributed to persons not entitled to receive that Discovery

28  Information.  To the extent essential to any future licensing related to this

264938.1

1  Litigation, the Party who inadvertently and improperly discloses ITAR

2  Controlled Information shall provide written notice to the other Party of the

3  disclosing Party's intent whether to notify the Department of State or the

4  Department of Commerce regarding the noncompliance.  Any such submissions

5  shall not adversely affect the disclosing Party's ability to submit a voluntary

6  disclosure to the cognizant government authority regarding the noncompliance.  If a

7  disclosure is submitted to the Department of State or the Department of Commerce,

8  the Parties agree to abide by the agency's directives or orders relating to those

9  disclosures.  The Receiving Party must cooperate and provide the Producing Party

10  all information required for the filing of a voluntary disclosure, including but not

11  limited to identifying all persons with access to such materials disclosed and the

12  circumstances surrounding that access.

13  **10.    Inadvertent Disclosure of Privileged Discovery Information**

14         (a)    Consistent with Federal Rule of Evidence 502, if a Party or Nonparty

15  notifies any other Party that it disclosed Discovery Information that is protected

16  from disclosure under the attorney-client privilege, work-product doctrine, and/or

17  any other applicable privilege or immunity, or the Receiving Party discovers such

18  disclosure, the disclosure shall not be deemed a waiver in whole or in part of the

19  applicable privilege or protection, either as to the specific material or information

20  disclosed or as to any other material or information relating thereto or on the same

21  or related subject matter.  If the Receiving Party recognizes that it has received

22  Discovery Information that, based upon a reasonable interpretation, is subject to

23  any of the privileges discussed in this Paragraph, it shall promptly notify the

24  Producing Party.

25         (b)    If a Party or Nonparty requests the return of such Discovery

26  Information pursuant to this Paragraph, the Receiving Party shall destroy or return

27  all copies of such Discovery Information to the Producing Party within five (5)

28  business days of receipt of such notice or discovery, shall provide a certification of

264938.1

PROPOSED STIPULATED PROTECTIVE ORDER

1    Counsel that all such disclosed Discovery Information has been returned or

2    destroyed, and shall not use such items for any purpose until further order of the

3    Court.

4         (c)    Nothing in this Paragraph shall prejudice the right of any Party to

5    challenge any claim of privilege made by another Party.

6    **11.    Protected Material Subpoenaed or Ordered Produced in Other**

7         **Litigation**

8         (a)    If a Receiving Party is served with a subpoena or an order issued in

9    separate litigation that would compel disclosure of any information or items

10   designated in this action as Confidential, Highly Confidential, ITAR Controlled,

11   and/or EAR Controlled, the Receiving Party must so notify the Designating Party,

12   in writing (by email or fax, if possible) immediately and in no event more than five

13   (5) court days after receiving the subpoena or order.  Such notification must include

14   a copy of the subpoena or court order.  The Receiving Party also must immediately

15   inform in writing the party who caused the subpoena or order to issue in the other

16   litigation that some or all the material covered by the subpoena or order is the

17   subject of this Order.  In addition, the Receiving Party must deliver a copy of this

18   Order promptly to the party in the other action that caused the subpoena or order to

19   issue.

20        (b)    The purpose of imposing these duties is to alert the interested parties to

21   the existence of this Order and to afford the Designating Party in this case an

22   opportunity to protect its confidentiality interest in the court from which the

23   subpoena or order is issued.  The Designating Party shall bear the burden and the

24   expense of seeking protection in that court of its Protected Material, and nothing in

25   these provisions should be construed as authorizing or encouraging a Receiving

26   Party in this action to disobey a lawful directive from another court, except that no

27   export controlled information shall be produced until the Producing Party has

28   confirmed that appropriate authorizations exist for the proposed production.

264938.1

- 21 -

1    **12.    Unauthorized Disclosure**

2         If a Receiving Party learns that, by inadvertence, it has disclosed Protected

3    Material to any person or in any circumstance not authorized under this Order, or

4    by authorization of either DDTC or BIS, the Receiving Party must immediately (a)

5    notify in writing the Designating Party of the unauthorized disclosures, (b) use its

6    best efforts to retrieve all copies of the Protected Material, (c) inform the person or

7    persons to whom unauthorized disclosures were made of all the terms of this Order,

8    and (d) request such person or persons to execute the Acknowledgment that is

9    attached hereto as Exhibit A.  The Receiving Party shall also take all reasonable

10   measures promptly to ensure that no further or greater unauthorized disclosure of

11   the information is made by anyone.  The Receiving Party must cooperate and

12   provide the Producing Party all information required for the filing of a voluntary

13   disclosure, including but not limited to identifying all persons with access to such

14   materials disclosed and the circumstances surrounding that access.

15   **13.    Protected Information Disclosed in Material Filed with the Court**

16        (a)    All Confidential, Highly Confidential, ITAR Controlled, and/or EAR

17   Controlled Information included with or within any Document or other pleadings

18   submitted to the Court, including, without limitation, any pleading, motion papers,

19   briefs, memoranda, or deposition transcripts, shall only be submitted under seal

20   pursuant to the procedures outlined in Local Rule 79-5.1.

21        (b)    A second copy of the filing, with the Confidential, Highly

22   Confidential, ITAR Controlled, and EAR Controlled Information redacted, shall be

23   filed in the Court's electronic filing system.

24   **14.    Introducing Protected Information in Court Proceedings**

25        A Party who seeks to introduce Confidential, Highly Confidential, ITAR

26   Controlled, and/or EAR Controlled Information at a hearing, pretrial or other Court

27   proceeding shall advise the Court at the time of introduction that the Information

28   sought to be introduced is protected.  If the Party who designated the Information as

264938.1

PROPOSED STIPULATED PROTECTIVE ORDER

1  Confidential or Highly Confidential requests the protection be continued, the Court

2  will review the Information to determine if the Information is entitled to continued

3  protection.  For Information designated as ITAR Controlled or EAR Controlled,

4  prior to disclosure in Court Proceedings, including any pretrial order or other court

5  filings, the introducing party shall insure that appropriate authorizations for the

6  disclosure are in place.  Changes to ITAR or EAR designations may only occur in

7  accordance with the ITAR and EAR.  Prior to disclosure of Confidential, Highly

8  Confidential, Information at a hearing, the Producing Party may seek further

9  protections against public disclosure from the Court.  No disclosure of ITAR

10  Controlled or EAR Controlled information may occur without appropriate

11  authorization from the Department of State/DDTC, and/or the Department of

12  Commerce/BIS.

13  **15.    Nonparty Production of Documents**

14      Discovery Information produced in this Litigation by a Nonparty, voluntarily

15  or in response to a subpoena, may be designated as Confidential, Highly

16  Confidential, ITAR Controlled, and/or EAR Controlled pursuant to this Protective

17  Order.  Nonparty Discovery Information may be designated as Protected Material

18  pursuant to this Protective Order by (i) the Nonparty producing the Discovery

19  Information with Protected Material Legends as provided in paragraph 4; (ii) a

20  Party's written notification, within thirty (30) days of the date of production, to all

21  other Parties and the Nonparty making the production that the Party is designating

22  specifically identified Documents or Discovery Information as Confidential, Highly

23  Confidential, ITAR Controlled, and/or EAR Controlled.  All Discovery Information

24  produced by a Nonparty in this Litigation shall be initially treated as Highly

25  Confidential, ITAR Controlled, and EAR Controlled from the time of production

26  until thirty (30) days after production or until written notice of a designation is

27  received, whichever occurs first.

28  **16.    Protected Information from the Orbital Arbitration**

264938.1

1      (a)    Documents that were previously exchanged or produced in the Orbital

2  Arbitration shall retain any existing protections or confidentiality designations

3  governing those documents, subject to challenge hereunder in the case of

4  Documents produced by MEASAT.  MEASAT consents to Orbital Arbitration

5  Documents being produced by Orbital Sciences Corporation in this Litigation so

6  long as those Documents are produced subject to this Order.  Any documents

7  exchanged or produced in the Orbital Arbitration that are governed by ITAR and/or

8  EAR shall continue to be governed by ITAR and/or EAR regulations.

9      (b)    Any Party or Nonparty whose Documents were previously exchanged

10  or produced in the Orbital Arbitration and that are subsequently produced by any

11  Nonparty in this Litigation may designate those Documents as Confidential or

12  Highly Confidential within thirty (30) days from the date of production.  The Party

13  or Nonparty making such designation shall do so by notifying all Parties, in writing,

14  of the Documents that should be treated as Confidential or Highly Confidential.  All

15  Documents previously produced in the Orbital Arbitration and subsequently

16  produced by a Nonparty in this Litigation shall be initially treated as Highly

17  Confidential and/or ITAR Controlled from the time of production until thirty (30)

18  days after production, or until written notice of a designation is received, whichever

19  occurs first.

20  **17.**    **Duration of Order/Return of Protected Materials**

21      (a)    All provisions of this Order restricting the use of Confidential, Highly

22  Confidential, ITAR Controlled, and EAR Controlled Information shall continue to

23  be binding after the conclusion of this Litigation, unless otherwise agreed or

24  ordered by the Court or by Commodity Jurisdiction as to ITAR Controlled

25  Information.

26      (b)    Within sixty (60) days of the conclusion of the Litigation (whether by

27  entry of a final order of dismissal, judgment, settlement, or disposition on appeal, or

28  otherwise), a Producing Party may request that a person in the possession of the

264938.1

1   Producing Party's Confidential, Highly Confidential, ITAR Controlled, and/or EAR

2   Controlled Information return or destroy that Information (other than Outside

3   Counsel's copies of documents filed with the Court or Outside Counsel's file copies

4   of documents attached to or information incorporated in attorney work product

5   prepared in connection with this Litigation). If the Receiving Party elects to

6   destroy the Confidential, Highly Confidential, ITAR Controlled, and/or EAR

7   Controlled Information, it shall certify within sixty (60) days that such Information

8   has been destroyed. To the extent any person retains copies of the Confidential,

9   Highly Confidential, ITAR Controlled, and/or EAR Controlled Information

10  pursuant to the terms of this paragraph, such Confidential, Highly Confidential,

11  ITAR Controlled, and/or EAR Controlled Information shall continue to be subject

12  to the protections provided by this Order.

13  **18.     Export Compliance Obligations and Objections**

14       (a)     The Parties understand that they have independent obligations for

15  export compliance.

16       (b)     In the event that there is a disagreement as to whether or not Discovery

17  Information contains ITAR Controlled technical data, the Parties will in good faith

18  attempt to resolve the disagreement taking all necessary steps to comply with their

19  respective and applicable TAA(s) or other authorization(s). In the event that

20  resolution cannot be reached, the objecting Party may note its objections in writing.

21       (c)     In the event that there is a disagreement as to or whether or not

22  Discovery Information contains ITAR Controlled technical data that is within the

23  scope of the existing TAA(s) or other authorization(s), the Parties will in good faith

24  attempt to resolve the disagreement taking all necessary steps to comply with their

25  respective and applicable TAA(s) or other authorization(s). In the event that

26  resolution cannot be reached, the objecting Party may note its objections in writing.

27       (d)     In the event that there is a disagreement as to whether or not the

28  redaction of Discovery Information containing ITAR Controlled technical data is

264938.1

PROPOSED STIPULATED PROTECTIVE ORDER

1   appropriate for export compliance, the Parties will in good faith attempt to resolve

2   the disagreement taking all necessary steps to comply with their respective and

3   applicable TAA(s) or other authorization(s).  In the event that resolution cannot be

4   reached, the objecting party may note its objections in writing.

5   **19.**   **Reservations; Non-Waiver**

6        (a)   Entering into, agreeing to and/or producing or receiving materials or

7   otherwise complying with the terms of this Order shall not:

8            (i)   Operate as an admission by any Party that any particular

9   Discovery Information contains or reflects any confidential matter;

10            (ii)   Prejudice in any way the rights of any Party to object to the

11   disclosure of discovery materials it considers not subject to discovery;

12            (iii)   Prejudice in any way the rights of a Party to seek a Court

13   determination whether particular discovery materials should be produced;

14            (iv)   Prejudice in any way the rights of a Party to apply to the Court

15   for a further protective order relating to any discovery materials;

16            (v)   Prejudice in any way the rights of a Party to object on any

17   ground to introduction or use as evidence of any of the Discovery Information

18   covered by this Order; or

19            (vi )   Otherwise prejudice the right of any Party to apply to the Court

20   for enforcement, modification, or relief from any or all of the provisions of this

21   Order, or such further protective order(s) as justice may require.

22   **20.**   **Miscellaneous**

23        (a)   Counsel for all Parties in this Litigation agree to take all reasonable

24   precautions to prevent the disclosure of any Protected Material received by them to

25   any persons who are not authorized to receive the Protected Material hereunder.

26        (b)   Nothing in this Protective Order shall limit any Producing Party's use

27   of its own documents or shall prevent any Producing Party from disclosing its

28   Confidential or Highly Confidential Information to any person.  Such disclosure

264938.1

PROPOSED STIPULATED PROTECTIVE ORDER

1  shall not affect any designation made pursuant to the terms of this Order so long as

2  the disclosure is made in a manner which is reasonably calculated to maintain the

3  confidentiality of the Confidential or Highly Confidential Information.

4     (c)    The Parties to this Litigation agree that the terms and conditions of this

5  Order are the result of negotiations between their counsel, and that this Order shall

6  not be construed in favor of or against any Party by reason of the extent to which its

7  counsel participated in the drafting of this Order.

8     (d)    The terms of this Order shall survive and continue to be binding on all

9  affected persons after this matter is resolved, subject to any subsequent

10  modifications of this Order by the Court.

11    (e)    Nothing in this Stipulation and Order shall make, or allow a Party or

12  Nonparty to designate, as Confidential or Highly Confidential, Discovery

13  Information that is or was in the public domain.  The fact that a document is in the

14  public domain for the purposes of this Order does not affect a Party's or Nonparty's

15  ability to designate Discovery Information as ITAR Controlled Information in

16  accordance with 22 C.F.R. § 120.11.  Moreover, nothing herein shall make or allow

17  a Party to designate as Highly Confidential Discovery Information that is or was

18  previously shared by it with the Receiving Party.

19    (f)    This Court shall retain jurisdiction to make such amendments,

20  modifications, and additions to this Stipulation and Order as it may from time to

21  time deem appropriate.

22

23

24

25

26

27

28

264938.1

PROPOSED STIPULATED PROTECTIVE ORDER

1    Dated:      February 8, 2013          JONES DAY

2

3                                         By: /s/ Carolyn A. Woodson
                                              Carolyn A. Woodson
4
                                          Attorneys for Plaintiff and Counter-
5                                         Defendant
                                          MEASAT SATELLITE SYSTEMS
6                                         SDN BHD

7
     Dated:      February 8, 2013          MCDERMOTT WILL & EMERY
8                                          LLP

9

10                                        By: /s/ John C. Calandra
                                              John C. Calandra
11
                                          Attorneys for Defendant and
12                                        Counterclaimant
                                          INTELSAT CORPORATION
13

14   IT IS SO ORDERED.

15   Dated: February 8, 2013

16                                        UNITED STATES DISTRICT JUDGE
                                          PATRICK J. WALSH
17

18

19

20

21

22

23                 ANY PARTY INTENDING TO SUBMIT TO
                   THE COURT ANY DOCUMENTS COVERED
24               BY THIS PROTECTIVE ORDER SHALL FILE A
                     MOTION UNDER LOCAL RULE 79-5
25                REQUESTING PERMISSION TO FILE
                        THEM UNDER SEAL.
26

27

28

     264938.1
                                        - 28 -
                        PROPOSED STIPULATED PROTECTIVE ORDER

**Exhibit A**

**Agreement to be Bound by Protective Order**

I _[name]_____, of _[address]_____

_____, declare under penalty of perjury that I have ready in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *MEASAT Satellite Systems SDN BHD v. Intelsat Corporation*, Case No. CV 12-03702 RSWL (PJWx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this case.

In addition, and without limitation to the preceding paragraph, I agree to handle all ITAR Controlled Information in accordance with this Order and all applicable laws. Specifically, and without limitation to the preceding sentence, I agree that any Document designated as ITAR Controlled and any summaries, extracts, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall not be disclosed to any person except as authorized by the ITAR (22 C.F.R. §§ 120-130), the Act (22 U.S.C. § 2778 *et seq.*), the Export Administration Act as implemented by Executive Order pursuant to the International Emergency Economic Powers Act (50 U.S.C. § 1701 *et seq.*), and

264938.1

PROPOSED STIPULATED PROTECTIVE ORDER

1   TAA or other authorization and shall therefore be restricted to:

2          (i)     the Receiving Party's Outside Counsel of record to whom it is

3   reasonably necessary to disclose the information for this Litigation;

4          (ii)    the Court and court personnel, including court reporters;

5          (iii)   Persons or parties entitled to receive access pursuant to the specific

6   TAA or other authorization granted by the DDTC; and

7          (iv)    U.S. Persons as that term is set forth in 22 C.F.R. § 120.15.

8          I further agree, without limitation to the preceding paragraphs, to handle all

9   EAR Controlled Information in accordance with the Export Administration

10  Regulations (15 C.F.R. §§ 730-774) and any licenses issued by the BIS and that any

11  EAR Controlled Information and any summaries, extracts, charts, or notes made

12  therefrom, and any facts or information contained therein or derived therefrom,

13  shall not be disclosed to any person except as authorized by the Export

14  Administration Regulations (15 C.F.R. §§ 730-774) and any licenses issued by the

15  BIS and shall therefore be restricted to:

16         (i)     the Receiving Party's Outside Counsel of record to whom it is

17  reasonably necessary to disclose the information for this Litigation;

18         (ii)    the Court and court personnel, including court reporters;

19         (iii)   Persons or parties entitled to receive access pursuant to the specific

20  license authorization granted by the BIS; and

21         (iv)    U.S. Persons as that term is set forth in 22 C.F.R. § 120.15.

22         In addition, and without limitation to the preceding paragraphs, I further

23  agree that Confidential Information and Highly Confidential Information and any

24  summaries, extracts, charts, or notes made therefrom, and any facts or information

25  contained therein or derived therefrom, shall be handled in strict accordance with

26  this Order and shall not be disclosed to any person except as specified in this Order.

27

28  Date: _____

264938.1

- 30 -

PROPOSED STIPULATED PROTECTIVE ORDER

1    City, State, Country: _____

2    Printed Name: _____

3    Signature: _____

4

5    LAI-3181817v3

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

264938.1

PROPOSED STIPULATED PROTECTIVE ORDER